# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                                       **Case No. 17-CR-199**

**GREGORY M. NEUENFELDT**
       **Defendant.**

---

## STATEMENT OF REASON MEMORANDUM

Defendant Gregory Neuenfeldt pleaded guilty to possession of a firearm following a misdemeanor domestic violence conviction, 18 U.S.C. § 922(g)(9), and I set the case for sentencing. In imposing sentence, the district court must first correctly calculate the advisory sentence guideline range. The court must then consider the arguments of the parties and the factors set forth in 18 U.S.C. § 3553(a), making an individualized assessment based on the facts presented. Finally, after settling on the appropriate sentence, the court must adequately explain the chosen sentence to promote the perception of fair sentencing. United States v. Pankow, 884 F.3d 785, 793 (7th Cir. 2018). This memorandum sets forth written reasons for the sentence imposed.

### I. GUIDELINE CALCULATION

Defendant's pre-sentence report ("PSR") set a base offense level of 14, as defendant was a "prohibited person" at the time he possessed the firearm, U.S.S.G. § 2K2.1(a)(6), then subtracted 2 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final level of 12. The PSR further calculated a criminal history category of III, producing an imprisonment range of 15-21 months. I adopted these calculations without objection.

## II. SECTION 3553(a)

**A.    Sentencing Factors**

Section 3553(a) directs the sentencing court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the [advisory sentencing guideline range;]

(5) any pertinent policy statement . . . issued by the Sentencing Commission[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering these factors, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing: just punishment, deterrence, protection of the public, and provision of needed correctional treatment. Id. While the court must as part of its analysis consider the type and range of sentence recommended by the guidelines, it "may not perfunctorily impose a guidelines sentence or even presume that such a sentence is appropriate in a given case." United States

2

v. Warner, 792 F.3d 847, 855 (7th Cir. 2015); see also United States v. Musgraves, 883 F.3d 709, 715 (7th Cir. 2018) ("The Guidelines are an advisory starting point for a judge, but after correctly calculating a guideline range, the judge has discretion to select an appropriate sentence for the individual defendant and the surrounding circumstances.").

**B.     Analysis**

    **1.     The Offense**

Defendant asked a woman he knew if he could "borrow" her boyfriend's firearm, indicating that he needed the gun to get his wallet back from a person who had stolen it. When he failed to return the gun or respond to her calls or texts, she contacted the police. Officers arrested defendant for theft, and he admitted that he made up the story about why he needed to borrow the gun; he stated that he had no intention of returning the weapon but rather sold it to obtain money to buy heroin. The police tracked down the man to whom defendant sold the firearm, and he agreed to turn it over.

    **2.     The Defendant**

The PSR detailed defendant's significant substance abuse issues. He indicated that his addiction began with prescription painkillers, which he received for back pain; when he lost his insurance and the pills ran out, he turned to heroin; and when his fiancé, the mother of his child, died of an overdose his addiction worsened.

Defendant's prior record, while fairly extensive, was also typical of a substance abuser, with convictions for disorderly conduct, theft, drunk driving, and possession of drug paraphernalia. More seriously, he also had a conviction for battering his child's mother, which precluded his lawful possession of a firearm.

3

Defendant's problems continued while on pre-trial release in this case, including positive drug tests and a new arrest for heroin possession. The magistrate judge ordered detention based on these violations but later allowed defendant's release to residential treatment, and thereafter defendant made a significant turnaround, completing the in-patient program, testing negative, moving into a sober living facility, and obtaining a full-time job. Impressed by his performance, the residential facility had invited him back as a guest speaker. Defendant also reconciled with family members from whom he had been estranged due to his drug abuse and erratic behavior. Defendant expressed a desire to maintain his sobriety so that he could regain custody of his child, now living with her maternal uncle.

### 3. The Sentence

As indicated, the guidelines recommended 15-21 months in prison, and the government advocated a sentence at the low end of the range. Under all the circumstances, I found a sentence served in the community sufficient.

The offense was aggravated by defendant's theft and sale of the gun, but the record contained no indication that the person he sold it to was prohibited or otherwise up to no good. Nor was there any evidence that defendant intended to use the weapon other than as a means of obtaining money to buy drugs. Like the instant offense, much of defendant's prior record also related to substance abuse, which he had taken steps to address.

The defense recommended a sentence of time served followed by three years of supervised release. Given defendant's good performance in treatment, which significantly reduced his risk of recidivism, I found a sentence along those lines sufficient. Supervision in the community, with a drug testing and treatment condition, sufficed to protect the public and to deter, while allowing him to maintain employment and continue his efforts to reconcile and

4

reunite with his family. I included as a condition of supervision a period of home confinement as a substitute for prison to ensure that there was a sufficient sanction for the conduct, in addition to allowing for closer monitoring to ensure that he stayed away from drugs and other problematic associations.

### III. CONCLUSION

I accordingly committed defendant to the custody of the Bureau of Prisons for a period of time served, followed by three years of supervised release with conditions including 180 days of home confinement, drug testing and treatment, and other terms appearing in the judgment.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge